IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| CARL BIGGAN, | : | |
| | : | |
| Petitioner | : | CIVIL NO. 4:CV-06-0788 |
| | : | |
| v. | : | (Judge Jones) |
| | : | |
| Superintendent PALAKOVICH, | : | |
| | : | |
| Respondent | : | |

**MEMORANDUM**

March 1, 2007

**THE BACKGROUND OF THIS MEMORANDUM IS AS FOLLOWS:**

Petitioner, Carl Biggan ("Petitioner" or "Biggan"), filed the instant petition for writ of habeas corpus ("Petition") pursuant to 28 U.S.C. § 2254. He attacks a sentence imposed by the Court of Common Pleas for Luzerne County, Pennsylvania. (Rec. Doc. 1). A response and traverse having been filed, the Petition is ripe for disposition. For the reasons set forth below, the Petition will be denied.

**FACTUAL BACKGROUND/PROCEDURAL HISTORY**:

On June 5, 2000, Biggan was found guilty of two (2) counts of aggravated assault and one (1) count of prohibited offensive weapon, and was sentenced to an aggregate term of one hundred twenty-four (124) to three hundred (300) months

imprisonment. (Rec. Doc. 2, Appendix B, Pennsylvania Superior Court Memorandum and Opinion dated July 27, 2004). On direct appeal the Superior Court determined that the evidence was insufficient to sustain the conviction for prohibited offensive weapons. See Commonwealth v. Biggan, 778 A.2d 731 (Pa. Super. 2001). Accordingly, the Superior Court vacated only the portion of the judgment of sentence pertaining to the prohibited offensive weapon offense. Id. Biggan's aggregate term of incarceration was thus reduced by sixteen to sixty months. Id. On May 11, 2001, the trial court entered an amended order of sentence consistent with the Pennsylvania Superior Court's opinion, and sentenced Biggan to a term of one hundred eight (108) to two hundred forty (240) months imprisonment. No direct appeal to the Superior Court of Pennsylvania was filed.

On March 7, 2002, Biggan filed a petition for relief under the Pennsylvania Post Conviction Relief Act ("PCRA"), 42 PA. CONS. STAT. §§ 9541-9546. (Rec. Doc. 2, App. B). He states that he raised "numerous grounds concerning the ineffective assistance of counsel." (Rec. Doc. 1). On February 13, 2003, the trial court denied Biggan's PCRA petition. (Rec. Doc. 2, App. B). Biggan filed a timely notice of appeal to the Pennsylvania Superior Court, raising the following ground for relief:

    > 1. Whether Appellant was denied effective assistance of counsel in that:
>
> a. Trial counsel failed to seek a cautionary instruction and failed to move for a mistrial regarding testimony of concerning (sic) Appellant's alleged prior criminal conduct which was directly elicited by Appellee as well as argument to the jury presented by Appellee regarding this same alleged prior conduct, and only offered an objection to one of these incidents.
>
> b. Appellate counsel failed to raise the issue of trial counsel's failure, cited in subsection (a), above, on direct appeal and also failed to raise on direct appeal the Trial Court's incorrect considerations of the weapons charge (which was later reversed) in imposing sentence upon Appellant; and
>
> c. Post-conviction counsel failed to summon and present testimony from trial and appellate counsel concerning the above-cited failures of same.

(Rec. Doc. 2, App. B). On July 27, 2004, the Pennsylvania Superior Court affirmed the PCRA court's denial of Biggan's PCRA petition. (Rec. Doc. 2, App. B). Biggan then filed an "Application for Reargument", which was denied by the Pennsylvania Superior Court on September 27, 2004. (Rec. Doc. 13, traverse). On October 27, 2004, filed a petition for allowance of appeal to the Pennsylvania Supreme Court, which was denied on March 15, 2006. (Rec. Doc. 2, App. A, Order).

On April 14, 2006, Biggan filed the instant Petition in which he states his issue for review as follows:

> The Superior Court's affirmance of the PCRA Court's decision is erroneous in that it lets stand judicial fact-finding which greatly enhanced petitioner's sentence in violation of his right to trial by jury, U.S. Const. Amends. VI & XIV, and PA. Const. Art. 1, Sec.9, as noted in Blakely v. Washington, ___U.S.___, 124 S.Ct. 2531, 159 L.Ed.2d 403 (2004), and in affirming the ineffective assistance of prior counsel in failing to properly object to this judicial fact finding and/or preserve same for review.

(Rec. Doc. 1). In accordance with United States v. Miller, 197 F.3d 644 (3d Cir. 1999) and Mason v. Meyers, 208 F.3d 414 (3d Cir. 2000), the Court issued formal notice to Biggan that he could either have the petition ruled on as filed, that is, as a § 2254 petition for writ of habeas corpus and heard as such, but lose his ability to file a second or successive petition, absent certification by the court of appeal, or withdraw his petition and file one all-inclusive § 2254 petition within the one-year statutory period prescribed by the Antiterrorism Effective Death Penalty Act ("AEDPA"). (Rec Doc. 3). On May 3, 2006, Biggan filed his Notice of Election, indicating that he wished to proceed with his petition for writ of habeas corpus as filed. (Rec. Doc. 4). Thus, a Show Cause Order was issued on June 5, 2006. (Rec. Doc. 5). On October 25, 2006, the District Attorney of Luzerne County filed a response to the petition. (Rec. Doc. 11 ). Petitioner filed a traverse on December 29, 2006. (Rec. Doc. 13).

**DISCUSSION**:

It is well-established that a federal court may not entertain the merits of a petition for writ of habeas corpus unless available state court remedies have been exhausted. 28 U.S.C. § 2254(b)(1)(A); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999).[1] Because the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, state prisoners must invoke one complete round of the state's established appellate review process. Id. at 845.

The habeas corpus petitioner shoulders the burden of establishing exhaustion of state court remedies. Lines v. Larkins, 208 F.3d 153, 159 (3d Cir. 2000), citing Lambert v. Blackwell, 134 F.3d 506, 513 (3d. Cir. 1997). The threshold inquiry in the exhaustion analysis is whether the claims asserted in the habeas corpus petition have been "fairly presented" to the state courts. Picard v. Connor, 404 U.S. 270, 275

[1] Exhaustion is excused if "there is an absence of available State corrective process[,] or ... circumstances exist that render such process ineffective to protect the rights of the applicant." Lines v. Larkins, 208 F.3d 153, 163 (3d Cir. 2000), quoting 28 U.S.C. § 2254(b)(1)(B)(i) and (ii). Hence, "exhaustion is not required if there is inordinate delay in state procedures, id. at 250, or if state officials have obstructed the petitioner's attempts to obtain state remedies." Id. at 163, citing Mayberry v. Petsock, 821 F.2d 179 (3d Cir. 1987).

(1971). "All claims that a petitioner in state custody attempts to present to a federal court for habeas review must have been fairly presented to each level of the state courts." Lines, 208 F.3d at 159. See also Baldwin v. Reese, 541 U.S. 27 (2004)(holding that "to provide the State with the necessary 'opportunity,' the prisoner must 'fairly present' his claim in each appropriate state court (including a state supreme court with powers of discretionary review), thereby alerting that court to the federal nature of the claim.").

A review of the instant Petition reveals that Petitioner's claims have never been presented to any state court for review. "When a claim is not exhausted because it has not been 'fairly presented' to the state courts, but state procedural rules bar the applicant from seeking further relief in state courts, the exhaustion requirement is satisfied because there is 'an absence of available State corrective process.' 28 U.S.C. §2254(b); see also, Werts v. Vaughn, 228 F.2d 178, 192 (3d Cir. 2000). It must be clear from existing state law and state court decisions that an avenue is foreclosed before exhaustion will be excused. Lines, 208 F.3d at 163.

In such cases applicants are considered to have procedurally defaulted their claims and federal courts may not consider the merits of such claims unless the

applicant establishes 'cause and prejudice' or a 'fundamental miscarriage of justice' to excuse his or her default. See Coleman v. Thompson, 501 U.S. 722, 750, 111 S.Ct. 2546, 115 L.Ed.2d 640 (1991)." McCandless v. Vaughn, 172 F.3d 255, 260 (3d Cir. 1999); see also, Wenger v. Frank, 266 F.3d 218, 224 (3d Cir. 2001); Keller v. Larkins, 251 F.3d 408, 415 (3d Cir.) cert. denied, 122 S.Ct. 396 (2001); Lines, 208 F.3d at 164-66.

To show cause, a petitioner must demonstrate some objective factor external to the defense that prevented compliance with the state's procedural requirements. Murray v. Carrier, 477 U.S. 478, 488 (1986); Caswell v. Ryan, 953 F.2d 853, 862 (3d Cir.) cert. denied, 504 U.S. 944 (1992). "Prejudice" will be satisfied if the habeas petitioner shows that the outcome was "unreliable or fundamentally unfair" as a result of a violation of federal law. See Lockhart v. Fretwell, 506 U.S. 364, 366 (1993); Coleman, 501 U.S. at 750. In order to demonstrate a fundamental miscarriage of justice, a petitioner must show that he is actually innocent of the crime by presenting new evidence of innocence. Schlup v. Delo, 513 U.S. 298 (1995); Keller, 251 F.3d 408.

In view of the passage of time since Biggan's conviction became final, it does

not appear as though he could pursue any state court remedies at this time. See Lines, 208 F.3d at 163. That is, any relief that may have been available to Biggan under the PCRA act is now foreclosed by its 1-year statute of limitations and Petitioner's claims do not satisfy any of the three §9545 exceptions. See 42 Pa.C.S. § 9545.[2] The Petitioner, however, has not alleged cause or prejudice. Nor has he

---

[2] Pennsylvania prisoners must file their initial and subsequent PCRA petitions:

> within one year of the date the judgment becomes final, unless the petition alleges and the petitioner proves that:
>
> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;
>
> (ii the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or
>
> (ii The right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time provided in this section has been held by that court to apply retroactively.
>
> (2) Any petition invoking an exception provided in paragraph (1) shall be filed within 60 days from the date the claim could have been presented.

42 Pa.C.S. § 9545(b).

demonstrated his actual innocence such that a lack of review by the court will constitute a fundamental miscarriage of justice.  Accordingly, his challenge to the validity of his sentence must be rejected on the ground that Biggan failed to pursue the issue raised in the instant Petition in the state courts and has not established appropriate grounds for this Court to consider his claim in the first instance. However, notwithstanding the failure to exhaust, we will further observe that the claims raised in the Petition are clearly without merit.  See 28 U.S.C. § 2254(b)(2)( a federal court can deny a habeas petition "on the merits notwithstanding the failure of the applicant to exhaust the remedies available in the courts of the State").

Biggan argues that the sentence imposed by the state court is illegal under Blakely v. Washington, 524 U.S. 596, 124 S.Ct. 2531 (2004), and that previous counsel was ineffective for failing to object to/and or, raise this issue on appeal. (Rec. Doc. 1). In Blakely, the Supreme Court held that any fact that increases a penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and be proved beyond a reasonable doubt; the fact may not simply be decided

by a judge acting without a jury. In order to properly determine if Biggan's sentence should be remanded pursuant to Blakely, this Court must first determine the prescribed statutory maximum sentence for the crime for which Biggan was convicted and assess whether his ultimate sentence exceeded it.

Biggan was convicted of two counts of aggravated assault pursuant to 18 Pa.C.S.A. § 2701(a)(1) and (a)(4). Aggravated assault under 18 Pa.C.S.A § 2701(a)(1) is a felony of the first degree. 18 Pa.C.S.A. § 2702(b). The statutory maximum sentence for a felony of the first degree is 20 years. 18 Pa.C.S.A. § 1103(1). Aggravated assault under 18 Pa.C.S.A. 2702(a)(4) is a felony of the second degree and as such is punishable by a term of imprisonment which may not exceed 10 years. 18 Pa.C.S.A. 1103(2). On remand, the trial court vacated Biggan's sentence for the possession of a prohibited offensive weapons and sentenced Biggan to a term of imprisonment of one hundred eight (108) to two hundred forty (240) months, which is well within the statutory maximum sentence. Accordingly, the protections extended by Blakely are not triggered. Thus, since counsel cannot be held ineffective for failing to pursue a meritless claim, Biggan's claim that counsel was ineffective is without merit. Consequently, the Petition will be denied. An appropriate Order shall

issue.